UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

                Plaintiff,

      v.

CARL WHITE,

                Defendant.

REPORT & RECOMMENDATION

10-CR-6248CJS

---

        By Order of Hon. Charles J. Siragusa, United States District Judge, dated December 14, 2010, all pretrial matters in the above-captioned case have been referred to this Court pursuant to 28 U.S.C. §§ 636(b)(1)(A)-(B).  (Docket # 12).

        Defendant Carl White ("White") is charged in an indictment with one count of making false statements in violation of 18 U.S.C. § 1001(a)(2).  (Docket # 11).  Currently pending before this Court is a motion by White to dismiss the indictment on the basis that it is duplicitous.  (Docket # 16).[1]  The indictment charges:

> On or about October 5, 2010 . . . [White] did knowingly, willfully and unlawfully make materially false, fictitious and fraudulent statements and representations, that is, [White] did falsely state and represent to a Special Agent of the United States Bureau of Alcohol, Tobacco, Firearms and Explosives that he did not provide to police officers the information set forth in an Erie County Sheriff's Office Supporting Deposition dated May 24, 1999, and that the signature on the Supporting Deposition was not his, when in fact, as [White] then and there knew, he did provide to police officers the information set forth in the Erie County Sheriff's

---

[1] White's omnibus motion also sought, *inter alia*, discovery and inspection, a bill of particulars, *Brady* material, rulings on evidentiary matters under Rules 404, 608 and 609 of the Federal Rules of Evidence and preservation of rough notes.  (Docket # 16).  Each of these requests was either resolved by the parties or decided in open court by the undersigned on March 14, 2011.  (Docket # 21).

> Office Supporting Deposition dated May 24, 1999, and that the
> signature on the Supporting Deposition was his.

(Docket # 11).  White contends that the indictment is duplicitous because it charges him with making two separate false statements and that, therefore, "[i]f a guilty verdict were rendered, it would be unclear as to which allegation (if any) received an unanimous verdict."  (Docket # 16 at ¶ 6).  The government agrees that the single count charges White with making two distinct misrepresentations, but maintains that the count is not duplicitous, especially where the charge arises from multiple allegedly false statements made in the same interview, and that any potential confusion over the verdict may be avoided by instructing the jury that the verdict must be unanimous as to each statement.  (Docket # 18 at 3).

"An indictment is invalidly duplicitous when it joins in a single count two or more distinct and separate offenses."  *United States v. Droms*, 566 F.2d 361, 363 (2d Cir. 1977); *accord United States v. Aracri*, 968 F.2d 1512, 1518 (2d Cir. 1992).  A count is duplicitous only "'if a general verdict of guilty might actually conceal contrary findings as to different alleged crimes, or if an appropriate basis for sentencing is not provided.'"  *United States v. Parker*, 165 F. Supp. 2d 431, 447 (W.D.N.Y. 2001) (quoting *United States v. Margiotta*, 646 F.2d 729, 732-33 (2d Cir. 1981)).  *See United States v. Murray*, 618 F.2d 892, 896 (2d Cir. 1980) ("the prohibition of duplicity is said to implicate a defendant's rights to notice of the charge against him, to a unanimous verdict, to appropriate sentencing and to protection against double jeopardy in a subsequent prosecution").

White's contention that the indictment is duplicitous fails under settled authority. Indeed, the Second Circuit has held that a single count may allege several false statements under

Section 1001 so long as the jury is instructed that they must unanimously agree on the false statement the defendant made.  *United States v. Crisci*, 273 F.3d 235, 239 (2d Cir. 2001).  *See also United States v. Stern*, 2003 WL 22743897, *2 (S.D.N.Y. 2003) ("[a]n indictment may charge more than one false statement in the same count, so long as the jury is instructed that it must agree unanimously both that the defendant made at least one of the charged false statements, and which statement that was") (citing *United States v. Crisci*, 273 F.3d at 239); *United States v. Fassnacht*, 2002 WL 63523, *5 (N.D. Ill. 2002) (indictment charging three false statements in one count was not duplicitous because all alleged statements were made on the same day in the same interview); *United States v. Gleave*, 786 F. Supp. 258, 265 (W.D.N.Y. 1992) ("the prospect of confusion amongst the jury can be remedied by an appropriate jury instruction"), *rev'd on other grounds*, 16 F.3d 1313 (2d Cir. 1994).

        Accordingly, I recommend that the district court deny White's motion to dismiss the indictment for duplicity (Docket # 16).

        *s/Marian W. Payson*
        MARIAN W. PAYSON
        United States Magistrate Judge

Dated: Rochester, New York
      April   14  , 2011

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute and Rule 58.2(a)(3) of the Local Rules of Criminal Procedure for the Western District of New York.[2]

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance.  *See, e.g., Paterson-Leitch Co., Inc. v. Massachusetts Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.**  *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services,* 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Ltd.,* 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2(a)(3) of the Local Rules of Criminal Procedure for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  **Failure to comply with the provisions of Rule 58.2(a)(3) may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the parties.

**IT IS SO ORDERED.**

    *s/Marian W. Payson*
    MARIAN W. PAYSON
    United States Magistrate Judge

Dated: Rochester, New York
      April   14  , 2011

---

[2] Counsel is advised that a new period of excludable time pursuant to 18 U.S.C. § 3161(h)(1)(D) commences with the filing of this Report and Recommendation.  Such period of excludable delay lasts only until objections to this Report and Recommendation are filed or until the fourteen days allowed for filing objections has elapsed.  *United States v. Andress*, 943 F.2d 622 (6th Cir. 1991); *United States v. Long*, 900 F.2d 1270 (8th Cir. 1990).